# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M.S.,                                    :
        Petitioner               :
                                 :
        v.                       :   No. 467 M.D. 2020
                                 :   ARGUED: March 7, 2022
Pennsylvania State Police,                :
        Respondent               :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED:  April 21, 2022**


Petitioner, M.S., has filed a "dual jurisdiction" petition for review, both appealing from the final determination of the Pennsylvania State Police (PSP) placing him on the sex offender registry as a Tier III offender, and also seeking declaratory and mandamus relief in our original jurisdiction challenging PSP's action.  His ultimate goal is removal from the registry, so the original jurisdiction action would appear to be surplusage at best.  Petitioner had previously sought such relief in an earlier original jurisdiction action in this Court.  In that action, we issued an order directing PSP to provide a hearing consistent with the Administrative Agency Law[1] on the question of whether he should be designated a Tier III sex offender under Revised Subchapter H of the Sexual Offender Registration and

---

[1] Administrative Agency Law, 2 Pa.C.S. §§ 501-508, 701-704.

Notification Act (SORNA II, sometimes referred to by the title of its predecessor, Megan's Law) found at 42 Pa.C.S. §§ 9799.10-9799.39,[2] *M.S. v. Pa. State Police*, 212 A.3d 1142 (Pa. Cmwlth. 2017) (*en banc*) (*M.S. I*). Following a hearing, Robert Evanchick, the Commissioner of PSP, adopted a hearing officer's proposed report and order affirming PSP's initial determination that Petitioner was subject to Tier III registration requirements as a result of his conviction for sexual assault under Article 120(b)(3)(A) of the Uniform Code of Military Justice, 10 U.S.C. § 920(b)(3)(A).

The underlying facts, which are largely undisputed, may be summarized as follows. Following a general court-martial in September 2016, convened by the United States Coast Guard Academy where Petitioner was a cadet, Petitioner was found guilty of sexual assault under Article 120(b)(3)(A). He was found to have committed a sexual act upon another person in September 2015 when she was incapable of consenting because she was impaired by alcohol, a condition that was either known or reasonably should have been known by Petitioner, who was himself impaired by alcohol. Petitioner's conviction was affirmed on appeal. Petitioner was directed by the United States Department of Defense to report directly to authorities upon entering the Commonwealth and complete sex offender registration as required.

By determination dated June 29, 2017, PSP's Megan's Law Section determined that Petitioner's conviction under Article 120(b)(3)(A) was for an offense similar to Section 3125(a)(4) of the Crimes Code, 18 Pa.C.S. § 3125(a)(4), a Tier III offense. Petitioner objected to the determination and requested a hearing; PSP did not respond. Petitioner then filed the first original jurisdiction action before this Court, arguing *inter alia* that he was denied his due process rights because PSP

---

[2] The lengthy legislative history of SORNA II, including its predecessor laws and Revised Subchapter H, is set forth in *Commonwealth v. Torsilieri*, 232 A.3d 567, 575-81 (Pa. 2020).

designated him as a Tier III sex offender without the opportunity to be heard; that his criminal trial rights were violated by imposition of a punitive Tier III sexual offender designation without a trial by jury where the beyond a reasonable doubt standard would have applied; and that the federal offense was not comparable to Section 3125(a)(4) because it had a lesser *mens rea* requirement. As noted above, this Court ordered PSP to provide a hearing on the issue of whether the federal offense was comparable to Section 3125(a)(4) of the Crimes Code. *M.S. I*, 212 A.3d at 1148-49. We declined to address Petitioner's constitutional arguments but stated that he might raise them anew on a further appeal after issuance of an adjudication by PSP. *Id.* at 1149 n.12. In compliance with this Court's order, a hearing was conducted before Hearing Officer Marc Moyer, but Petitioner was not called to testify and no further facts concerning the offense were developed beyond the original military record. On May 18, 2020, Hearing Officer Thomas A. Blackburn issued a proposed report and order recommending that Petitioner's appeal be denied and that the determination of the Megan's Law Section be affirmed.[3] Petitioner filed exceptions to the proposed report and order. On July 22, 2020, the Commissioner ordered that the proposed report and order be adopted as the final order in the matter.

Petitioner then filed the instant petition for review, in which he raises three issues: (1) whether PSP erred in concluding that his conviction under Article 120(b)(3)(A) was comparable to 18 Pa.C.S. § 3125(a)(4) or any other relevant Tier III offense where the *mens rea* required for the military offense could be satisfied by mere negligent behavior and such an offense would not constitute a Pennsylvania crime; (2) whether PSP erred in finding that Petitioner was required to register as a sex offender by military authorities pursuant to a repealed federal statute; and (3)

---

[3] Petitioner notes that the substitution of hearing officers was never the subject of notice or explanation but has not raised the subject as a matter for us to address.

whether Revised Subchapter H's Tier III consequences can be constitutionally imposed upon military offenders by PSP. We find the first issue dispositive.

Petitioner argues that the offense of which he was convicted is not "comparable" because the military offense may be predicated upon and result in a conviction based on a negligence theory: that Petitioner "reasonably should have known" that the victim was incapable of consent. Indeed, that is precisely what the military tribunal found here.[4] Petitioner notes that no Pennsylvania offense could be sustained upon such a showing and, thus, that no Pennsylvania offense is comparable to the military offense. Petitioner also distinguishes the condition of the victim, which must be proven to convict of Article 120(b)(3)(A), from the elements of Section 3125(a)(4) of the Crimes Code. The former requires that the victim be "incapable of consenting to the sexual act due to impairment by any drug, intoxicant or other similar substance" and that the "accused knew or reasonably should have known of the impairment" of the victim. 10 U.S.C. § 920(b)(3)(A). The latter requires that the victim be unconscious; that the defendant knows that the victim is unaware that the penetration is occurring; and that the defendant "knew the [victim] was unconscious or unaware, or acted recklessly regarding the unconsciousness or

---

[4] The military court made the following special finding:

> A reasonable sober adult would have realized [the victim's] mental incompetence at this point and that she was going to remain an "incompetent person" for a significant period of time. Unfortunately, [Petitioner] was not a sober person. Therefore, he had sexual intercourse with [the victim] only several minutes later, knowing that only this short amount of time had passed. Any residual mistake on [Petitioner's] part regarding her competence to consent was unreasonable.

(*U.S. v. M.S.*, Gen. Ct. Martial U.S.C.G., Special Findings, Ex. J-3 ¶ 11, Reproduced Record at 129a.)

unawareness." 18 Pa.C.S. § 3125(a)(4). Petitioner points out that in addition to the fact that Article 120(b)(3)(A) does not necessarily require either knowing or reckless conduct, it does not require that the victim was unconscious or unaware.

As noted, Revised Subchapter H requires registration for foreign convictions only when those convictions are for "comparable" offenses. 42 Pa.C.S. § 9799.14(d)(13) (requiring Tier III registration for a conviction, *inter alia*, of "[a] comparable military offense . . . under the laws of another jurisdiction"). Petitioner contends that the difference between the negligence standard of the military conviction here, and the "at least reckless" standard required for Tier III sexual offenses, establishes that the military offense "casts a wider net" than the relevant Pennsylvania offenses and requires the conclusion that this military conviction was not comparable to a registrable offense. (Pet'r Br. at 15.)

This Court has recently specifically addressed the *mens rea* for this precise military offense as compared to Section 3124.1 of the Crimes Code, 18 Pa.C.S. § 3124.1 (relating to sexual assault), in *A.L. v. Pennsylvania State Police*, 247 A.3d 120, 129 (Pa. Cmwlth. 2021), *appeal granted*, 260 A.3d 920 (Pa., No. 176 MAL 2021, filed Aug. 10, 2021).[5] In an opinion authored by President Judge (now Justice) Brobson, we held that the military offense's "reasonably should have known" standard is synonymous with a negligent *mens rea*. *Id.* As negligent conduct was not encompassed within Section 3124.1 of the Crimes Code, which did

---

[5] Our Supreme Court granted *allocatur* for consideration of the following issues: (1) whether when comparing a military offense to a crimes code offense, PSP is required to ensure that all of the elements of the crime, including the *mens rea*, are equivalent; and (2) whether PSP is required to consider *mens rea* when comparing a military criminal offense to a crimes code offense, or should the *mens rea* requirement only be considered a factor when making the determination. Order Granting Petition for Allowance of Appeal, *A.L.*, 260 A.3d 920 (Pa., No. 176 MAL 2021, filed Aug.10, 2021).

not specifically state a *mens rea*, the offense required an intentional, knowing, or reckless act. *See* Section 302 of the Crimes Code, 18 Pa.C.S. § 302(c). We thus held that because negligent conduct was not included in Section 3124.1, it was not comparable to a conviction under Section 3124.1. Our holding in *A.L.* is controlling here.

Section 3125(a)(4) of the Crimes Code, 18 Pa.C.S. § 3125(a)(4), upon which PSP's order was predicated, provides in pertinent part that "a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body . . . commits aggravated indecent assault if: . . . (4) the complainant is unconscious or the person knows that the complainant is unaware that the penetration is occurring." Applying the holding of *A.L.* to Section 3125(a)(4), we must similarly conclude that it is not comparable to Petitioner's military conviction, as it requires an intentional, knowing, or reckless *mens rea* and that the complainant is unconscious or is unaware that penetration is occurring.[6]

---

[6] We further note then-President Judge, now Justice, Brobson's observation in *A.L.*:

> This is not to say that a conviction under 10 U.S.C. § 920(b)(3)(A) could never be comparable to a conviction under Section 3124.1 of the Crimes Code. There could be circumstances where the military record is sufficiently specific for PSP to establish the necessary comparability—*i.e.*, circumstances where the military record evidences that the court members themselves found that the individual "knew" that the other person was impaired, such that the other person could not legally consent to the sexual act. Here, however, PSP could not, due to the lack of record evidence, establish that the conviction was based on a determination that [p]etitioner "knew," as opposed to "should have known," that the airman was impaired at the time of the sexual act.

**(Footnote continued on next page…)**

6

Accordingly, the order of the Commissioner is reversed and the matter is remanded to PSP with directions to remove Petitioner from the registry. In light of our disposition of Petitioner's appeal, his request for declaratory and injunctive relief in our original jurisdiction is dismissed.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

*A.L.*, 247 A.3d at 129 n.12. However, unlike *A.L.*, the Special Findings rendered in the military case here establish that Petitioner was convicted under Article 120(b)(3)(A) on a negligence theory.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M.S.,                                          :
          Petitioner                  :
                                                 :
          v.                              :    No. 467 M.D. 2020
                                                 :

Pennsylvania State Police,                     :
          Respondent                  :

## O R D E R

AND NOW, this 21st day of April, 2022, the order of the Commissioner of the Pennsylvania State Police is REVERSED, and the matter is REMANDED with directions to remove Petitioner from the sex offender registry. Petitioner's request for declaratory and injunctive relief in our original jurisdiction is DISMISSED.

Jurisdiction is relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita